## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

SAMUEL WEISS, individually,
and GOURMET PRODUCTIONS, INC.,

      Plaintiff,

                                   CASE NO. _____

vs.

FIREMAN'S FUND INSURANCE COMPANY,

      Defendant.

_____/

## NOTICE OF REMOVAL OF DEFENDANT
## FIREMAN'S FUND INSURANCE COMPANY

As provided by 42 U.S.C. §1441 *et seq.,* Defendant, Fireman's Fund Insurance Company ("Defendant"), hereby files this Notice of Removal of the above-styled action from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, where the action is now pending under Case Number 10021302 25 to the United States District Court for the Southern District of Florida.  In connection with this Notice of Removal, Defendant states:

1.      The above-styled action was commenced by Plaintiffs Samuel Weiss, an individual, and Gourmet Productions, Inc., a Florida corporation (collectively "Plaintiffs"), in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, State of Florida, by the filing of a Complaint on or about May 18, 2010.  Defendant was served with a copy of the Complaint, by the Chief Financial Officer of the State of Florida, on or about June 10, 2010. Defendant did not receive a copy of the Complaint, through service or otherwise, prior to June 10, 2010.

2.      The action, which is of a civil nature, involves two breach of contract claims against Defendant – one breach of contract claim brought by each of the two Plaintiffs –

allegedly stemming from an insurance coverage dispute between Plaintiffs and Defendant.  A copy of Plaintiffs' Complaint, with exhibits, is attached hereto as Exhibit "A."

3.      The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §§1332 and 1441(a).  As stated in the Complaint, Plaintiffs are both citizens of Florida.  (Complaint ¶¶ 4, 5).  As also stated in the Complaint, Defendant is a foreign citizen. (Complaint ¶ 6).  Defendant is a California corporation, with its principal place of business in California.  (Complaint ¶ 6). Under the definitions and requirements established by 28 U.S.C. §1332, there is complete diversity in this action because Defendant is not a citizen of the State of Florida.

4.      The amount in controversy exceeds the jurisdictional limit of $75,000, exclusive of interest and costs, established by 28 U.S.C. §1332(a).  In the Complaint itself, Plaintiffs state that Plaintiff Samuel Weiss "demands judgment against Defendant, Fireman's Fund Insurance Company, for $1,126,444.40" (Plaintiffs' Complaint, unnumbered "Wherefore" Paragraph after ¶ 48) and that Plaintiff Gourmet Productions, Inc. "demands judgment against Defendant, Fireman's Fund Insurance Company, for $555,743.28" (Plaintiffs' Complaint, unnumbered "Wherefore" Paragraph after ¶ 56).

5.      As noted above, Defendant was first served with a copy of Plaintiffs' Complaint on June 10, 2010.  Thus, this Notice of Removal is timely, since 28 U.S.C. 1446(b) grants parties thirty (30) days to remove an action to Federal Court "after receipt .  .  . of a copy of the initial pleading .  .  . or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter."  *See* 28 U.S.C. 1446(b).

6.      To date, the only pleading which Defendant has received is the Complaint, a copy of which is attached as Exhibit "A."

FIRM:7641587v1

7.      Given that the above-styled state court action is pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, venue properly lies in the United States District Court for the Southern District of Florida.  *See* 28 U.S.C. § 1441(a).

8.      Defendant will give written notice of the filing of this Notice of Removal, as required by 28 U.S.C. §1446(d).

## MEMORANDUM OF LAW

### A.      <u>The United States District Court Has Jurisdiction Over this Matter</u>

A state court action may be removed to a United States District Court where "the district courts of the United States have original jurisdiction[.]"  28 U.S.C. §1441(9a).  In the instant case, original jurisdiction is sought under 28 U.S.C. §1332, which provides that:

> "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> \* \* \*
>
> (2) citizens of a State and citizens or subjects of a foreign state[.]"

*See* 28 U.S.C. §1332(a).  In short, in order to establish jurisdiction under 28 U.S.C. §1332, Defendant must establish two factors:  1) the amount in controversy exceeds $75,000; and 2) the action is between a citizen of this State and a citizen of a foreign state.

### 1.      **The Amount in Controversy Exceeds $75,000**

It is clear that the amount in controversy in the instant action is in excess of $75,000.  As stated above, the Complaint itself states that one plaintiff, Samuel Weiss "demands judgment against Defendant, Fireman's Fund Insurance Company, for $1,126,444.40" (Plaintiffs' Complaint, unnumbered "Wherefore" Paragraph after ¶ 48) and that the other, Plaintiff Gourmet Productions, Inc., "demands judgment against Defendant, Fireman's Fund Insurance Company, for $555,743.28" (Plaintiffs' Complaint, unnumbered "Wherefore" Paragraph after ¶ 56).  The

FIRM:7641587v1

amount in controversy, therefore, is at least $1,682,187.60, exclusive of the attorney fees which Plaintiffs are also claiming.

### 2.      There is Complete Diversity of Citizenship

It is equally clear that this action is between two citizens of the State of Florida and a citizen of a foreign state.  The Complaint states that Plaintiff Samuel Weiss is a resident of Miami-Dade County, Florida (Complaint ¶ 4) and that Plaintiff Gourmet Productions, Inc. is a Florida corporation with its principal place of business in Dania Beach, Florida.  (Complaint ¶ 5).  The Complaint acknowledges that Defendant is a foreign citizen, and states that it has its principal place of business in California. (Complaint ¶ 6).  Defendant is a California corporation. Under the definitions and requirements established by 28 U.S.C. §1332, there is complete diversity in this action because Defendant is not a citizen of the State of Florida.

### B.      Defendant Has Complied With the Procedure for Removal

The procedure governing removal of actions first filed in state court is governed by 28 U.S.C. §1446.  Section 1446 provides that any defendant desiring to remove a civil action from state court must file a notice of removal which contains:

> a short plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant in such action.

*See* 28 U.S.C. §1446.  Furthermore, any notice of removal must be filed within thirty (30) days after receipt of the initial pleading.  *See* 28 U.S.C. §1446.

Paragraphs 1 through 8 above set forth the grounds on which removal is sought, specifically citing the federal statutes upon which original jurisdiction is premised (28 U.S.C. § 1332) and the factual support for that jurisdiction.  Accordingly, Defendant has complied with the terms of 28 U.S.C. §1446 which dictate that a short plain statement of the grounds for

removal accompany any notice of removal.  In addition, this notice has annexed to it, as Exhibit "A", a copy of all process, pleadings and other papers that have been filed with the state court to date in compliance with 28 U.S.C. §1446.

**C.** <u>**Conclusion**</u>

Defendant has complied with the procedural requirements of 28 U.S.C. §1446, the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida which govern removal from state court, and this Court has original jurisdiction over this matter. Accordingly, Defendant respectfully requests that the United States District Court for the Southern District of Florida take jurisdiction over this action.

WHEREFORE, Defendant Fireman's Fund Insurance Company hereby gives notice that the above-styled state court action pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida be removed to the United States District Court for the Southern District of Florida.

Respectfully submitted this 7th day of July, 2010.


*s/ Jose I. Leon*
Jose I. Leon
Florida Bar No. 958212
jleon@ebglaw.com
Robin Taylor Symons
Florida Bar No. 356832
rsymons@ebglaw.com
EPSTEIN BECKER AND GREEN, P.C.
200 South Biscayne Blvd., Suite 4300
Miami, Florida 33131-2305
Tel:  305-579-3200  Fax:  305-579-3201
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

SAMUEL WEISS, individually,
and GOURMET PRODUCTIONS, INC.,

      Plaintiff,

                           CASE NO. _____

vs.

FIREMAN'S FUND INSURANCE COMPANY,

      Defendant.
_____/

## CERTIFICATE OF SERVICE

      WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by

facsimile and U.S. mail (with exhibits) this 7th day of July, 2010 to:

      Efrain Carlos, Esq.
      Law Offices of Efrain Carlos, P.A.
      2121 Ponce De Leon Blvd., Suite 403
      Coral Gables, FL 33134
      *Attorney for Plaintiffs*

                              *s/ Jose I. Leon*
                                 Jose I. Leon

FIRM:7641587v1